1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

8
9     SHIRLEY MCCLOUD,

10                        Plaintiff,                    **Case No.** C06-5140 JKA

11            v.                                         ORDER GRANTING DEFENDANT'S
                                                         MOTION FOR SUMMARY JUDGMENT
12    DEPOSITORS INSURANCE COMPANY,

13                        Defendant.

14

15

16          This matter comes before the Court on the Motion for Summary Judgment filed by Defendant

17    Depositors Insurance Company.  The court has considered all materials submitted in support of and in response

18    to said motion, as well as the files and records herein. For the reasons that follow, the Court **GRANTS**

19    Defendant's Motion for Summary Judgment.

20                    <u>**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**</u>

21          Plaintiff brought this action to recover underinsured motorist compensation from Defendant.  Plaintiff

22    was injured in a motor vehicle accident and filed suit in state district court against the other driver, Betty

23    Hatfield.  Plaintiff tried her case to a jury and the jury's verdict far exceeded the $50,000 jurisdictional limit

24    of the court.  Defendant avers that the verdict was reduced to the jurisdictional limit and was then fully satisfied

25    by Ms. Hatfield's insurer.  Plaintiff acknowledges the factual scenario set forth by defendant, except that she

26    states the $289,500 verdict entered in the District Court was not reduced to $50,000 as alleged by defendant.

27    The court finds this "disputed" issue to be a distinction without a difference, because there is no dispute that

28    the district court judgment was satisfied, and that the court's jurisdictional limit was $50,000.  Plaintiff now

      claims that Defendant breached its contract of insurance when Defendant refused to pay her compensation

ORDER
Page - 1

based on the jury's verdict.  Plaintiff also claims that Defendant breached its duty of good faith, breached its fiduciary duties, and violated the Washington Consumer Protection Act.

Defendant seeks summary judgment on Plaintiff's claims on the grounds that Plaintiff is not "legally entitled to recover" any further damages from the tortfeasor and that, therefore, the terms of the insurance policy do not provide for an entitlement to compensation.  Defendant has also raised alternative arguments that Plaintiff should be estopped from making a claim in excess of $50,000 and that, in any case, Defendant is not bound by the jury's verdict.

## Standards

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FRCP 56(c).  The burden of establishing there is no genuine issue of material fact lies with the moving party.  See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 91 L. Ed.2d 265, 106 S. Ct. 2548 (1986).  If the non-moving party will bear the burden of proof at trial, the moving party may meet its burden by pointing out the absence of evidence to support the non-moving party's case.  *See Id.* at 325.  Once the moving party has met its burden, either by presenting evidence which, if uncontradicted, would entitle it to a directed verdict at trial or by demonstrating the lack of evidence for the non-moving party's case, FRCP 56(e) shifts to the non-moving party the burden of presenting specific facts showing a genuine issue for trial.  See *British Airways Board v. Boeing Company*, 585 F.2d 946, 950-52 (9th Cir. 1978).

A party opposing summary judgment may not rest upon the mere allegations or denials in his pleadings.  FRCP 56(e).  Rather, responses, either by affidavit or as otherwise provided by the Rule, must set forth specific facts showing that there is a genuine issue of fact.  FRCP 56(e).  With respect to the quantum of proof required to avoid summary judgment, "[t]he mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient."  *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).  There must be enough of a showing that the jury could reasonably find for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 91 L. Ed.2d 202, 106 S. Ct. 2505 (1986).

The question to be resolved  is whether reasonable minds could differ as to the import of the evidence.  *Eisenberg v. Insurance Company of North America*, 815 F.2d 1285, 1288 (9th Cir. 1987).  If the evidence

submitted in opposition to summary judgment is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 1288.

A non-moving party is entitled to the benefit of reasonable inferences that may be drawn from the evidence; however, speculation is not permissible. An "inference" is defined as "a process where the thinker passes from one proposition to another that is connected with the former in some way." *Poppell v. City of San Diego*, 149 F.3d 951, 954 (9th Cir. 1998). The passage from one proposition to another must be logically compelled and "cannot be mere speculation, intuition, or guessing." *Id.* Thus, the "laws of logic" draw the line "between a reasonable inference that may permissibly be drawn by a jury from basic facts in evidence and an impermissible speculation." *Id.*

In this case, there are no material facts in dispute. Analysis of the insurance contract and effect of the judgment in Plaintiff's suit against the tortfeasor, Betty Hatfield, involve questions of law.

### Facts

The following facts are undisputed:

On January 26, 2003, Plaintiff was involved in a two car motor vehicle accident and sustained injuries as a result of that accident. On December 10, 2004, Plaintiff filed suit against the operator of the other vehicle, Betty Hatfield. Suit was filed in Washington District Court for the County of Cowlitz. Under Washington law, the jurisdictional limit of district court is $50,000. RCW 3.66.020

In a letter dated August 19, 2005, Plaintiff's counsel informed Defendant that a lawsuit had been filed and that a jury trial was set for September 8, 2005. On September 1, 2005, an attorney representing Defendant requested that Plaintiff's counsel either agree to postpone the trial or agree that Defendant would not be bound by the result. Plaintiff's counsel did not respond to this request.

Plaintiff's trial against Ms. Hatfield commenced on September 8, 2005 and the jury returned a verdict on September 9, 2005. The amount of the jury verdict was $289,824.00. Based on the jurisdictional limits of the court, this amount was reduced to $50,000. Including costs, judgment was entered for $50,302.60. Ms. Hatfield's insurer paid this amount in full satisfaction of the judgment.

After trial, Plaintiff requested that Defendant pay her underinsured motorist compensation up to the

ORDER
Page - 3

1  limits of her policy.  Plaintiff's insurance policy was issued by Defendant and included underinsured motorist
2  coverage up to a limit of $100,000.  The

3  policy provides that Defendant "will pay compensatory damages which an 'insured' is legally entitled to

4

5  recover from the owner or operator of an 'underinsured motor vehicle.'"  Under the policy, "underinsured
6  motor vehicle" is defined, *inter alia*, as a vehicle "[t]o which a liability bond or policy applies at the time of the
7  accident but the amount paid under that bond or policy to an 'insured' is not enough to pay the full amount the
8  'insured' is legally entitled to recover as damages.

9                                                      **Discussion**

10         This case is governed by Washington law.  In particular, interpretation of the language providing
11  underinsured motorist insurance involves both statutory and contractual analysis.  *See Sayan v. United Services*
12  *Automobile Association*, 43 Wn. App. 148, 153, 716 P.2d 895, 898 (1986).  RCW 48.22.030 provides that
13  automobile insurance policies must provide coverage for insured persons "who are legally entitled to recover
14  damages from owners or operators of underinsured motor vehicles."  The policy issued by Defendant complied
15  with this requirement and mirrored the statutory language by providing coverage if an insured was "legally
16  entitled to recover" damages, but was unable to do so because of inadequate insurance carried by the
17  tortfeasor.

18         "Legally entitled to recover" means that there must be a legal right to collect money as damages from
19  the tortfeasor.  For example, if a tortfeasor is immune from liability, an insured would not be legally entitled
20  to recover damages from such person and would, therefore, not be entitled to underinsured motorist
21  compensation from his insurer.  *Sayan*, 43 Wn. App. at 156, 716 P.2d at 900.  Thus, entitlement to
22  underinsured motorist compensation is directly linked to what an insured may legally recover from a tortfeasor.
23

24         In this case, Plaintiff obtained a judgment against Ms. Hatfield.  The amount of that
25  judgment represented the maximum amount that Plaintiff was "legally entitled to recover" from Ms. Hatfield.
26  When satisfaction of this judgment was entered, under RCW 4.56.100, Plaintiff received all compensation she
27  was "legally entitled to receive."  *See Reichl v. State Farm Mutual Automobile Insurance Co.*, 75 Wn App.
28

452, 880 P.2d 558 (1994).  *Reichl* was a PIP reimbursement case in which a judgment was entered in the

ORDER
Page - 4

plaintiff's favor against a tortfeasor.  The plaintiff's insurer then sought reimbursement of PIP payments it made.  Reimbursement was authorized because the plaintiff was fully compensated by the tortfeasor.  The court held that "[a]s a matter of law, [the plaintiff] was fully compensated when the judgment in that case was satisfied." *Id.* at 456, 880 P.2d at 560.

Plaintiff has cited to *Mencel v. Farmers Insurance Co.*, 86 Wn. App. 480, 937 P.2d 627 (1997) to support her claim; however, *Mencel* is distinguishable.  In *Mencel*, a jury verdict was made in the amount of $804,450.  Before judgment was entered, the plaintiff settled with the tortfeasor for $725,000.  The plaintiff then made a claim against his insurer for underinsured motorist compensation.  The insurer argued that the plaintiff was not "legally entitled to recover" additional compensation from the tortfeasor and was not entitled to underinsured motorist compensation.  The court held that the settlement amount did not represent full compensation because the plaintiff could have received a judgment up to the amount of the jury verdict.  Accordingly, the plaintiff was entitled to additional compensation from his insurer.  The present case is distinguishable because the jury verdict exceeded the jurisdictional limit of the court and the maximum amount of a judgment was entered and satisfied.  Additionally, unlike *Mencel*,  Plaintiff did not settle for an amount less than the potential judgment.

The Court, therefore, holds that the jurisdictional limit of the trial court fixed the maximum amount that Plaintiff could have recovered from Ms. Hatfield.  Because this judgment was satisfied, Plaintiff is not legally entitled to recover anything more from Ms. Hatfield.  In the absence of an entitlement to recover additional money from the tortfeasor, Plaintiff does not have an entitlement to underinsured motorist compensation.

Because summary judgment in favor of Defendant is warranted based on the satisfaction of judgment and contractual language, the Court does not reach Defendant's other arguments.

With respect to Plaintiff's claims of bad faith, breach of fiduciary duty, and violation of the Consumer Protection Act, Defendant's decision to deny  underinsured motorist compensation was appropriate and correct, as a matter of law.  Accordingly, summary judgment on these claims in favor of Defendant is granted. *See Gingrich v. Unigard Security Insurance Co.*, 57 Wn. App. 424, 788 P.2d 1096 (1990).

## **CONCLUSION**

ORDER
Page - 5

For the reasons discussed above, Defendant's Motion for Summary Judgment is **GRANTED**. Plaintiff's claims are dismissed and Defendant shall recover its costs and disbursements herein.

IT IS SO ORDERED

DATED this 8th day of August, 2006.


____/s/ *J. Kelley Arnold*_____
J. KELLEY ARNOLD
United States Magistrate Judge